**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**G.B. "BOOTS SMITH" CORPORATION**                                                **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 2:05mc113KS-MTP**

**UNITED STATES OF AMERICA;
And FRED JONES, Individually**                                                **RESPONDENTS**

**ORDER**

This matter is before the court on a Petition and an Amended Petition to Quash Summonses **[#1]** and **[#7]** filed on behalf of the petitioner and on a Motion to Dismiss filed on behalf of Fred Jones, Individually **[#11]** and on Answer **[#10]** of the United States requesting enforcement of the summonses.  The court, having reviewed the pleadings and exhibits on file and being fully advised in the premises finds as follows:

The petitioner filed a voluntary petition in bankruptcy on March 29, 2005.  On April 7-8, 2005, the Internal Revenue Service issued third party summonses to two financial institutions seeking financial information related to the petitioner.  On April 28, 2005, the petitioner filed the instant action requesting the court to quash the two third-party summonses issued by the IRS and also seeking damages against the United States and Fred Jones individually, the IRS agent who issued the summonses, for alleged violations of the automatic stay.  The respondents have filed an answer and motion to dismiss asserting that the summonses were properly issued and further that the court lacks subject matter jurisdiction over the damages claims and over Jones

personally. The court will first deal with the subject matter jurisdiction issues first.

A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

The respondents have also moved to dismiss Jones personally pursuant to Rule 12(b)(2), lack of personal jurisdiction. An attack on personal jurisdiction under this rule usually invokes the court's duty to ascertain such under the well established standards of *in personam* jurisdiction which requires "[t]he party invoking the jurisdiction of a federal court [to bear] the burden of establishing the court's jurisdiction over a nonresident defendant." *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), *cert. denied* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).

In this case, the petitioner has correctly alleged jurisdiction pursuant to federal question under 28 U.S.C. § 1346(a) which provides for original jurisdiction in the district court for suits against the United States. However, other specific jurisdictional grants come into play in specific types of suits against the United States. For instance, in actions claiming generally improper tax collection activity, 28 U.S.C. § 7433(a) provides:

> **(a) In general**.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in

section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

However, under the specific facts of this action alleging a violation of the automatic stay provision of the bankruptcy code in a tax collection situation, 26 U.S.C. § 7433(e) provides the jurisdictional grant and states, in pertinent part:

> **(e) Actions for violations of certain bankruptcy procedures.--**
>
> **(1) In general**.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.
>
> **(2) Remedy to be exclusive**.--
> **(A) In general**.--Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

This jurisdictional grant provides two things pertinent to this action.  First, the proper forum for a claim for damages arising out of an alleged breach of the automatic stay provision is the bankruptcy court, not the district court.  Second, such an action for alleged damages is only proper against the United States, not individual agents.  Therefore, the court lacks subject matter jurisdiction to hear the claim for alleged damages arising from the purported violation of the automatic stay provision and this claim should be dismissed without prejudice.  Further, Fred Jones is not a proper party to this or any other action alleged by the petitioner and he should be dismissed with prejudice.

The only other issue is the efficacy of the third-party summonses and their

enforceability.  Jurisdiction is proper in this court pursuant to 26 U.S.C. § 7609(h), which provides:

> **(h) Jurisdiction of district court; etc.--**
>
> > **(1) Jurisdiction.--**The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

The petitioner asserts that the summonses issued to the financial institutions seek financial information about it in violation of the automatic stay.  The United States has asserted that the financial information sought is for a determination of the potential tax liability of James W. Smith, an officer of the petitioner pursuant to 26 U.S.C § 6672.  That section provides:

> **Failure to collect and pay over tax, or attempt to evade or defeat tax**
>
> **(a) General rule.--**Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable.

26 U.S.C. § 6672(a).

Based on the foregoing, the court finds that the IRS has properly issued the summonses in question and they are entitled to be enforced.  The petitioner's Motion to quash should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss

**[#10]** is Granted and the petitioner's claim for damages against the United States is dismissed without prejudice, and petitioner's claim against Fred Jones individually is dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the petitioner's Petition and Amended Petition to Quash Third-Party Summonses **[#1]** and **[#7]** are denied and the respondent's request for enforcement of the summonses in its Answer **[#10]** is Granted and that this matter is dismissed.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 20th day of September, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE